### DANIEL F. HARRAH

*v.*

### JOHN CONLEY *et al.*

1. PRACTICE—*establishing disputed corner.* On petition for the appointment of a commission to establish a lost or disputed corner, an answer from the defendants is proper, where they seek to deny that the corner is lost or in dispute.

2. DEFAULT *when answer is filed is error.* Where the defendants in a petition to have a commission of surveyors appointed to establish a corner alleged to be in dispute, answer, denying that it is in dispute, it is error to default the defendants.

3. SAME—*answer allowable.* In a proceeding, under the statute, to permanently locate a disputed line or corner, an answer may be interposed to the petition as in any other case.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. JOHN P. HARRAH, and Mr. JAMES W. GIBSON, for the plaintiff in error.

Mr. JOHN H. HALLEY, for the defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition presented at the December term, 1873, of the circuit court of Jasper county, under an act to provide for the permanent survey of lands, approved March 25, 1869, for the purpose of obtaining the appointment of a commission of three surveyors to permanently locate a certain section corner, which was alleged in the petition to be in dispute.

Upon the filing of the petition, three of the defendants, who had been notified, appeared and put in an answer, in which they expressly denied that the section corner was in dispute, but set up that the same had been duly and properly established.

The court, without taking any action in regard to the answer, on motion of the petitioner, allowed the defendants to be called

and defaulted, and appointed three surveyors to survey and establish the section corner, as prayed for in the petition.

The surveyors appointed to make the survey made no change in the location of the section corner, but in their report affirmed the corner as previously surveyed and established. The court confirmed the report, and rendered judgment against the petitioner for all costs of the proceeding.

The rendition of judgment for all costs is assigned as error by the petitioner, and the defendants assign as a cross-error the decision of the court in allowing a default to be entered while their answer was on file.

Whether the court erred in rendering judgment for all the costs against the petitioner, it will not be necessary to inquire, as the disposition of the cross-error will dispose of the case.

In an action at law, where a plea has been filed, unless it has been stricken from the files or otherwise disposed of, the court is powerless to enter the default of the defendant.

The same rule prevails in a proceeding in chancery, where an answer has been put in by the defendant.

Whether this may be regarded as a proceeding at law or in equity, is of no importance. It is enough that each and every material allegation in the petition was met by a square denial by the answer of the defendants.

If the answer was defective, exceptions should have been interposed by the petitioner. If, on the other hand, no answer was authorized in a proceeding of this character, a motion should have been made to have it stricken from the files. No objection, however, appears to have been made to the answer. Under this condition of the record we are aware of no rule of practice which would sanction the action of the court in allowing the defendants to be defaulted.

No reason is perceived that would debar the defendants from answering the petition in this case in like manner as they could interpose an answer in any other case; indeed, had the court regarded the answer, the necessity of appointing the commission would have been obviated, as the report of the surveyors demonstrated that the section corner was not in dis-

4—82D ILL.

pute, but had been previously established as set up in the answer.

For the error indicated, the judgment will be reversed and the cause remanded. The costs of this court will be taxed to the plaintiff in error.

*Judgment reversed.*