# CATHARINE YOUNGER ET AL.

## v.

# CHARLES LOUKS.

1. MECHANIC'S LIEN—CONTRACT—TIME OF COMPLETION.—Where a written contract for repairs upon a building is express as to some of its terms, but silent as to the time when the work is to be completed, it is a contract partly express and partly implied, and under it the party performing the work may have a lien in accordance with the statute. In such cases the work must be done and materials furnished within one year.

2. PRACTICE IN CHANCERY.—It is error to decree a default against a defendant in chancery when his answer is on file in the cause.

ERROR to the Circuit Court of Du Page county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed December 4, 1880.

Mr. JAMES COLEMAN, for plaintiffs in error; that it is the duty of the court to adjust the different rights of parties holding separate liens upon the property, cited Croskey v. N. W. M't'g Co. 48 Ill. 481; Lunt v. Stephens, 75 Ill. 507; Grundeis v. Hartwell, 90 Ill. 324; Tracy v. Rogers, 69 Ill. 662.

The statute concerning mechanic's liens should be strictly construed: Belanger v. Hersey, 90 Ill. 70; Rothgerber v. Dupuy, 64 Ill. 452; Canisius v. Merrill, 65 Ill. 67.

The petition must describe the contract with certainty: Logan v. Dunlap, 3 Scam. 189; Muller v. Smith, 3 Scam. 543; Buckhart v. Reising, 24 Ill. 529; Philips v. Stone, 25 Ill. 77; Kinzey v. Thomas, 28 Ill. 505.

It was error to decree a default against a defendant whose answer was on file: Harrah v. Conley, 82 Ill. 48; Mason v. Abbott, 83 Ill. 445; Lyon v. Barney, 1 Scam. 387.

Mr. E. H. GARY, for defendant in error, cited Orr v. N. W. Mut. Life Ins. Co. 86 Ill. 260; Driver v. Ford, 90 Ill. 595.

LACEY, P. J.   This was a proceeding commenced in the Du-Page County Circuit Court, on the part of the defendant in error, to foreclose a mechanic's lien for labor and materials on the real estate described in the petition.   The petition alleges that the plaintiff in error, Younger, was the owner in fee, and that said Hill claimed some interest in the premises.   The contract was in writing, dated Sept. 22, 1877, and was for making repairs and erecting an addition to plaintiff in error Younger's house; and the petition charges that the work was completed on the 1st day of November, A. D. 1877, and also charges that additional work was done, and labor was furnished not provided for in the written contract.   The contract which is set out in the pleadings, provides that the work was all to be done in a reasonable length of time, the weather permitting.   The defendant in error's claim is for a balance of $156.35.   Both plaintiffs in error answered, and the plaintiff in error Hill sets up that he was the owner and holder of a prior mortgage of $400, which he avers was a prior incumbrance to defendant in error's lien.   After the filing of these answers, default was entered against Hill, and a hearing of the case as to Younger on bill, answer and replication.   The rights of Hill are not found or determined in the decree, nor is there any finding in regard to his mortgage; but a decree of sale is rendered.

Two causes for error are assigned; the one that the contract under which the mechanic's lien is sought to be enforced is void, because it does not specify the time when the contract was to be performed; the other that it was error to take default against Hill while his answer was on file.

The first of these two errors we do not deem well taken. The time for the completion of the work was not expressed, but other terms were.   This was a contract partly expressed and partly implied, and under which parties may claim a lien

in accordance with the statute. Stat. 1874, page 665, Sec. 1.

Under the 3d section of the above act, it is provided that where work is done and materials have been furnished under an implied contract within one year from the commencement of the work or the delivery of the materials, then a lien will attach, and where the contract does not specify that the work shall be done within one year, but in a reasonable time, and the work is done within one year, then this section applies to such case. This has also been the construction given this statute by the Supreme Court in Orr et al. v. N. W. M. Life Ins. Co. 86 Ill. 260; Driver et al. v. Ford et al. 90 Ill. 595. In this case, the work was performed and materials were furnished within one year from the date of the contract.

The other error assigned is well taken. It was clearly error to decree a default against plaintiff in error, Hill, while his answer was on file and undisposed of. Nor is there any evidence preserved in the record, either in the decree or anywhere else, to show that any evidence was heard touching the question of his mortgage. The premises were ordered sold without in any way providing for the payment of the mortgage. It is error to enter default where an answer is on file. Harrah v. Conley et al. 82 Ill. 48; Crosky v. N. W. M. Co. 48 Ill. 481; Hawett v. Selby, 54 Ill. 15.

For this reason the decree is reversed, and the cause remanded.

Reversed and remanded.