SMITH v. SCOLES ET. AL.

65 733
88 132

65 733
129 644.

1. **Boundaries:** PETITION FOR COMMISSION TO ESTABLISH: JURISDICTION OF COURT: DISMISSION OF PETITION: APPEAL: RES ADJUDICATA. Upon the hearing of a petition to appoint a commission to establish a boundary line, under chapter 8, Laws of 1874, (McClain's St., p. 862,) the court has jurisdiction to look into the nature of the controversy, and to dismiss the petition, if the controversy does not appear to be such as to justify the appointment of a commission. From such order of dismission an appeal would lie, but while the order stands it is an adjudication of the matter as between the parties, and bars the plaintiff from maintaining another action against the same defendants for the same purpose.

2. ———: ———: WHAT IT SHOULD STATE: PRACTICE. The petition in such a case should state the facts in dispute sufficiently to enable the court to determine the nature of the controversy. Failing to do so, it would be subject to a motion for a more specific statement.

3. ———: COMMISSION TO ESTABLISH: OFFICE OF. Such a commission has its proper place where a boundary, as called for by the deeds under which the parties hold, is to be discovered by the application in the field of the technical knowledge and practice of surveying, and where each party's claim is supposed to be conditioned upon the discovery of the boundary. Where the dispute turns upon some other question of fact, as that of adverse possession, or upon a point of law, a commission should not be appointed. See *Gates v. Brooks*, 59 Iowa, 514.

*Appeal from Jasper District Court.*

TUESDAY, APRIL 21.

THIS is a proceeding to establish a boundary line. The plaintiff, Hannah E. Smith, in her petition states in substance that she is the owner of three 40-acre tracts in section 21,

township 80 N., of range 19, in Jasper county, to-wit, the W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$ and N. W. $\frac{1}{4}$ of S. E. $\frac{1}{4}$. She also states that the defendants own the three forties on the west; that the boundary line between her land and that of the defendants is lost; that she is desirous of having the same established, but that the parties are unable to agree; and she asks for the appointment of a commission to make a survey, as provided in chapter 8 of the Acts of the Fifteenth General Assembly. (McClain's St., 862.)   The defendants appeared, and resisted the appointment of a commission by filing an answer setting up a prior adjudication. The plaintiff demurred to the answer. The court overruled the demurrer, and, the plaintiff electing to stand upon her demurrer, the court dismissed her petition, and rendered judgment against her for costs. She appeals.

*Alanson Clark*, for appellant.

*Harrah & Myers*, for appellees.

ADAMS, J.—The answer avers "that on May 6, 1881, the plaintiff filed her petition at law, in the district court of said county, relative to the present controversy." It then sets out the finding and decision of the court, in which the plaintiff's petition was dismissed, upon the ground that there did not appear to be any such loss of boundary or controversy between the parties as to justify the appointment of a commission. It does not expressly appear from the answer that the parties were the same as those now before the court, but we infer from the finding of facts in the original case, and the manner in which the present case is presented, that the parties were in fact the same. At all events, no objection is made to the answer upon that ground, and we shall not raise the objection ourselves.

We have, then, a case where the appointment of a commission is asked for the purpose of establishing a lost boundary, and the plaintiff, by her demurrer to the answer, concedes

that in a previous action, instituted by her against the same parties as defendants, she asked for the appointment of a commission; that the controversy is the same in this action as in that; and that the court in that action dismissed her petition on the ground that the controversy was not such as to justify the appointment of a commission. It is, of course, not contended by the appellant that where a court has jurisdiction to determine a matter, and does determine it, it can be properly called upon again to determine the same matter between the same parties.

The only real question in the case appears to be as to whether, in the matter of a petition for the appointment of a commission under the statute above referred to, the court has jurisdiction to look into the nature of the controversy, and dismiss the petition, if the controversy does not appear to be such as to justify the appointment of a commission. In answer to the question, we have to say that we think it has such jurisdiction. The statute provides that notice shall be served upon the owner or owners of the adjacent tract or tracts before the application can be heard. The other parties in interest have a right, then, to appear at the hearing upon the application; and we cannot think that the hearing contemplated pertains merely to the question as to who shall constitute the commission. It is true, the statute provides that "upon the filing of a proper petition, and proof of due notice as aforesaid, the court shall appoint a commission," etc. It might, therefore, be contended, and we think with much reason, that the court, in order to determine the character of the controversy, should not be required to go outside of the petition. While it was held in *Harrah v. Conley*, 82 Ill., 48, that the other parties in interest might appear and file an answer, we are not prepared to say that under our statute an answer would be allowable for the purpose of raising the question as to the nature of the controversy. The statute seems to be imperative in requiring the appointment upon the filing of a proper petition. But it does not follow

that the court cannot look into the nature of the controversy.
If the petition does not state the facts sufficiently to show it,
it would doubtless be the right of the other parties in interest
to move for a more specific statement, and especially if an
answer could not properly be filed and evidence introduced
upon the issue made. Possibly, if the petition set out the
lands, and stated what corners and boundaries were lost or
destroyed, or in dispute, that should be deemed a proper
petition, and justify the appointment of a commission, in the
absence of any objection to the petition.

But it cannot be denied that there may be a disputed
boundary, and yet the appointment of a commission not be jus-
tifiable. In the matter before us, the court, in the original
proceeding, seems to have thought that there was no dis-
agreement as to the facts which should govern the question
as to the original boundary, but a disagreement as to the rule
of law which should be applied to conceded facts. Now,
where such is really the case, there is no ground for the
appointment of a commission. The sole office of a commis-
sion is to ascertain facts. We may go further and say that
there may be a case of disputed boundary where the dispute
pertains solely to facts, and yet where the appointment of a
commission would not be proper. There seems to have been
a dispute of that kind in the original case. It did not per-
tain to the question of original boundary, but to the question
of boundary as determined by the alleged adverse possession
of one of the parties. Now a commission could not properly
be appointed to determine a question of disputed adverse pos-
session. Where the question in dispute is that of adverse
possession, either party has a right to a jury. This was held
in *Gates v. Brooks*, 59 Iowa, 514. A commission has its
proper place where a boundary, as called for by the deeds
under which the parties hold, is to be discovered by the
application in the field of the technical knowledge and prac-
tice of surveying, and where each party's claim is supposed

to be conditional upon the discovery of the boundary. See case last above cited.

Strictly, then, we think that the petition should state the facts in dispute sufficiently to enable the court to determine the nature of the controversy. If the court should wrongly determine it, and dismiss the petition when it should have been entertained and the commission appointed, the plaintiff would have his remedy by appeal. It would not, we think, be his right to turn around and file another petition upon the same ground  In our opinion the demurrer to the defendant's answer was rightly overruled.

· AFFIRMED.