DAVIS ET AL. v. CURTIS ET AL.

1. **Boundaries**: ACTION TO ESTABLISH LOST CORNER: APPEAL: EVIDENCE: BILL OF EXCEPTIONS. On an appeal from a proceeding to establish a lost corner, under chapter 8, Laws of 1874, (McClain's St., p. 863,) no bill of exceptions is necessary to preserve the evidence on which the commissioners' report is based, for such evidence must accompany the report, under the statute, and it thus becomes a part of the record without a bill of exceptions.

2. ———: ———: EVIDENCE: CORNER RECOGNIZED FOR TEN YEARS: DUTY OF COURT. In a proceeding to determine and establish lost boundaries, under chapter 8, Laws of 1874, (McClain's St., p. 862,) it is the duty of the commissioners, when they find no marked government corner, but do find a corner which has been recognized and acquiesced in by the adjoining proprietors for ten years, (see § 3 of said act,) to report that fact to the court, and, in the face of such evidence, the corner should not be established elsewhere, especially when roads, fences and buildings have been adjusted to the lines as established by such recognized corner.

*Appeal from Jones District Court.*

THURSDAY, DECEMBER 17.

THIS is a proceeding under the statute by which the plaintiffs seek to permanently establish the lines and corners of certain lands, which corners are alleged to be lost, destroyed and in dispute. The defendants resisted the proceeding, and objected to the appointment of a commissioner. The dis-

trict court appointed three commissioners, and they made a majority and a minority report, which were set aside, and the matter was remanded to the same commissioners. Additional evidence was taken, and a second majority and minority report were filed. The majority report fixed the corners to the satisfaction of the plaintiffs, while the minority report met the approval of the defendants. The court approved and confirmed the majority report, and the defendants appeal.

*J. W. Jamison*, for appellants.

*Remley & Ercanbrack*, for appellees.

ROTHROCK, J.—I. The abstract of appellants purports to be an abstract of all the evidence taken before the commissioners and filed with their report. Counsel for appellees seek to dispose of the appeal by filing an additional abstract setting out a bill of exceptions, and they claim that the evidence was not properly made of record. It is a sufficient answer in reply to this position to say that no bill of exceptions was necessary. Section 3 of the act authorizing this proceeding requires that the evidence, plat and survey shall "accompany" the report. It is thus made part of the report, and becomes of record, the same as the report. There is no necessity for a bill of exceptions of any matter which is of record.

1. BOUNDA-RIES: action to establish lost corner: appeal: evidence: bill of exceptions.

II. Other objections are made to the abstract and to the assignment of errors. We need not examine them, because we think that the appeal must be determined upon the merits, and upon the final report. So far as this question is involved, the record is complete, and the assignment of error is sufficiently explicit. All questions, therefore, pertaining to the authority to appoint the commission, and whether a proper case was made by the plaintiffs to invoke the action of the court, and the authority of the court to remand the cause to the commission upon setting aside the first report, will not be considered.

III.   The whole controversy, as shown by the majority
and minority reports, depends upon the location of the com-
mon corner of sections 19, 20, 29 and 30, town-
ship 83, range 4 west.   It appears that when
the land in these sections, as well as the land
along the extension of the line between the sec-
tions   to   the   south,   was   improved, many   years   ago, the
corners and lines as claimed by the defendants were, by gen-
eral consent, adopted as the true boundaries of the lands of
the respective owners.   Roads were laid out, fences built,
hedges set and buildings erected in the belief that the line and
corner thus recognized were those established by the gov-
ernment survey.

In the year 1866, D. L. Blakeslee, who was then county
surveyor, established the corner of said sections at the point
now claimed by the defendants; and the evidence shows,
without conflict, that this corner was recognized by the
adjoining land-owners as the true corner until the year 1875,
when other surveys were made at the instance of the plaint-
iffs, or those under whom they claim, by which it is claimed
that the line should be located some two and a half rods to
the east of the line established by the Blakeslee survey.   But
the fences of the respective parties remained upon the line
of the Blakeslee survey, and they now so remain.   This pro-
ceeding was commenced in 1883.   The evidence shows that
a corner was marked at the point fixed by the Blakeslee sur-
vey long before that survey was made, and that, from the
year 1859 down to 1875, a period of sixteen years, all parties
interested acquiesced therein and acted accordingly.   Section
3 of the act under which the proceeding was had (McClain's
Code, p. 863) provides that the commission may take the
evidence of "any person or persons who may be able to iden-
tify any original government corner, or witness thereto, or
government line, tree, or other noted object, or any other
legally-established corner, or other corners that have been
recognized as such by the adjoining proprietors for over ten

*2. ——: ——:*
*evidence:*
*corner recog-*
*nized for ten*
*years: duty of*
*court.*

years." The plaintiffs did not introduce any witnesses who testified to any marked corner at the place where they claim it should be. All of their testimony was to the effect that they discovered no corner at the place where the defendants claim there was such corner. The statute does not declare what the rights of the parties shall be when the adjoining proprietors recognize a corner for over ten years. It is, however, made competent evidence, and must be intended for some purpose. Counsel for appellees claim that if the defendants have held the land adversely up to the time, as shown by the marked corner, then this proceeding does not determine any right to the strip of land in dispute. They say, "if the defendants have the land by ten years' open, adverse possession, under color of title or claim of right, they can hold the land without regard to the location of the corner." Such a construction of the statute under which this proceeding is had, instead of simplifying these controversies about boundary lines, which have always been a source of needless litigation, would make the statute a means of oppression. If the trial before the commissioners, and its approval by the court, determines no right, but merely the abstract question as to where the corner was established by the government survey, the statute is of no avail whatever. We incline to think that it was not the intention of the legislature to impose upon the commissioners the trial of the question of adverse possession to lands, and that when they find no marked government corner, but do find one that has been acquiesced in by the adjoining proprietors for ten years, they should report that fact to the court, and it should be an end of the proceedings.

We have examined the evidence with a great deal of care, and, while we are not prepared to say that the defendants' possession is adverse, we strongly incline to think that under the rule in the case of *Burdick v. Heivly*, 23 Iowa, 511; *Foulke v. Stockdale*, 40 Id., 99; *Hiatt v. Kirkpatrick*, 48 Id., 78; and *Tracy v. Newton*, 57 Id., 210, the possession

of the defendants was adverse. It is true that the plaintiffs did not expressly agree that the Blakeslee corner and line was the true one; but they adopted it as such by their unmistakable acts, which, in any other transaction, would have all the force of implied contracts. But, without determining this question, we are clearly of the opinion that the only evidence of a marked corner was that established by the Blakeslee survey, and we are unwilling to allow the plaintiffs, upon this record, to establish a corner elsewhere, which, if held to be the true corner, would produce so serious results as the making and improving of new roads, the destruction of hedges, the removal of fences and buildings. It is claimed in argument, and not denied, that if the corner be established as claimed by plaintiffs, a public road would be required to be opened where the dwelling-house of one of defendants is located, and it places the house of another on land not owned by him. Our conclusion is that the court should have held that the Blakeslee corner was the true one, and either adopted the minority report, or remanded the reports back to said commission to "correct their report and survey in conformity with the judgment of the court,"· as is authorized by section 4 of the statute under which the proceeding was had.

REVERSED.