J. H. TOOMAN, Appellant, v. DAVID HIDLEBAUGH, Appellee.

Boundaries: APPOINTMENT OF COMMISSION: JURISDICTION. Under the provisions of section 2 of chapter 8 of the Acts of the Fifteenth General Assembly, providing for the appointment of a commission of one or more surveyors to make a survey of and permanently establish corners and boundaries of land in this state, where the same are lost or are in dispute, the district court has jurisdiction upon the application of one

owning land within the county to appoint such commission where the adjacent tract of land to be affected lies in another county, and the line which it is sought to have changed is the boundary line between the two counties.

*Appeal from Greene District Court.* — HON. J. H. MACOMBER, Judge.

MONDAY, JUNE 1, 1891.

THIS is a proceeding to establish a boundary line, and to restore a lost corner of land owned by the plaintiff. A demurrer to the petition was sustained, and the plaintiff appeals.—*Reversed.*

*Howard & Rose*, for appellant.

*E. W. Weeks*, for appellees.

ROBINSON, J.—The pleadings show the following facts: The plaintiff is the owner of the east half of the southwest quarter of section 32, in township 82 north, of range 31 west, in Greene county. The defendant Davison owns the west half of the southeast quarter of the same section. The defendant Moles owns the west half of the southwest quarter of that section, and the southeast quarter of section 31, adjoining on the west. The defendant Hidlebaugh owns the west half of the northeast fractional quarter, and the northwest fractional quarter of section 5, in township 81 north, of range 31 west, in Guthrie county; and the defendant Moore owns the northeast fractional quarter of section 6, in the same township and range. The southeast and southwest corners of the southwest quarter of section 32 are lost and in dispute, and the plaintiff is unable to establish the south boundary line of his land until the corners are restored. The parties to the proceeding are unable to enter into a written agreement to employ and abide by the survey of a surveyor, and said corners

and the line between them are in dispute between the parties to this proceeding. The plaintiff asks the appointment of a commission of one or more surveyors to make a survey of and permanently establish the corners in dispute, and the boundary line between them. The defendants, Davison and Moles, filed separate answers, in which they admitted the allegations of the petition, and asked that its prayer be granted. The defendants, Hidlebaugh and Moore, demurred to the petition on the grounds that a part of the lands, the boundary lines of which the plaintiff seeks to have restored, is in Greene county and a part in Guthrie county; that the line to be affected or changed was the boundary line between said counties, and that by reason of the location of the land in different counties the court had no jurisdiction of the matter in controversy. From the order of the court sustaining the demurrer the plaintiff appeals.

This proceeding was instituted under the provisions of chapter 8 of the Acts of the Fifteenth General Assembly. Section 2 of that act authorizes such proceedings "whenever one or more proprietors of land in this state, the corners and boundaries of whose lands are lost, destroyed, or are in dispute, or who are desirous of having said corners and boundaries permanently established, and who will not enter into agreement." to employ and abide by the survey of some surveyor. The proceeding is commenced by causing to be served " on the owner or owners of adjacent tract or tracts, if known and residing in the county where said lands are situated, or, if not known and not residing in such county, by publishing in a newspaper published in such county, and, if no newspaper shall be published, then by putting up in four different public places in said county a written or printed notice to the effect that on a day named therein he, she or they will make application to the district court of the county in which said

lands are situated, at its next succeeding term, for the appointment of a commission of one or more surveyors to make survey of and permanently establish said corners and boundaries.'' The act is general in its terms, and applies to all ''proprietors of land in this state, the corners or boundaries of whose lands are lost, destroyed or in dispute, or who are desirous of having said corners and boundaries permanently established,'' and who will not enter into the agreement in writing provided for. by the act. There is no ground for concluding that it was the intent of the general assembly to exclude from its provisions boundaries and corners which should be in boundaries of counties. The land which determines the jurisdiction of the court whose aid is invoked is that of the proprietor who gives the notice and files the petition which the law requires to authorize the court to act. The ''adjacent tract or tracts '' may or may not be in the same county as that of the petitioning proprietor. The end to be accomplished is to establish permanently the corners and boundaries of the land of the proprietor who makes application for that purpose, and the district court of the county in which that land is situated has jurisdiction to grant the relief demanded. The establishing of the corners and boundaries of adjacent tracts of land is an incident of that relief.

The interpretation we have given to the statute under consideration is in harmony with the general policy of the law. Section 2576 of the Code provides that actions for the recovery of real property, or of an estate therein, or for the determination of such right or interest, must be brought in the county in which the subject of the action, or some part thereof, is situated. It follows that such actions may be brought in counties in which but a part of the real property which is the subject of the action is situated. The order of the district court sustaining the demurrer is REVERSED.