GEORGE C. LAWRENCE, Appellant, v. JOSEPH A. WEISS and CITY OF ANAMOSA, Appellees.

**Real property:** BOUNDARIES: PLEADINGS. The ordinary rules of pleading do not apply strictly to a petition for the appointment of commissioners to locate lost corners and boundary lines. The petition in the instant case, which alleged the ownership of the respective

town lots involved, and that the corners and boundaries thereof were lost, destroyed and in dispute, is held sufficient, over the objection that the particular corners and boundaries claimed to be lost were not alleged with sufficient definiteness.

Same: APPLICATION OF STATUTE. The statute providing a summary 2 proceeding for the location of lost and disputed corners and boundaries includes the location of the corners and lines of city lots, as well as the government corners and lines of lands in the country.

Same: LOCATION OF DIVISION LINE. Ordinarily the division line of a 3 lot owned in equal parts by different parties, where no other line had been established by acquiescence, should be determined by establishing the corners and lines at the ends or sides of the lots and dividing the distance equally between them.

Same: LOCATION OF LOST CORNERS AND LINES: PARTIES. The statute 4 providing for the establishment of lost corners and lines contemplates that all persons interested shall be made parties, that the entire matter may be adjusted in one proceeding.

*Appeal from Jones District Court.*—HON. MILO P. SMITH, Judge.

TUESDAY, FEBRUARY 10, 1914.

PLAINTIFF filed a petition asking the appointment of commissioners to locate lost and disputed corners and boundaries. Defendants filed separate demurrers, which were sustained. Plaintiff elected to stand upon his petition. The court rendered judgment against plaintiff for costs. Plaintiff appeals.—*Reversed.*

*George C. Lawrence,* for appellant.

*Remley & Remley,* for appellee Weiss.

*G. A. Fisher* and *C. J. Cash,* for appellee City of Anamosa.

PRESTON, J.—The allegations of the petition are substan-

tially that plaintiff is the owner in fee simple of the south half of lots 7 and 8 in a certain block of a subdivision; also the west half of the vacated alley east of and adjoining said land; that defendant Weiss is the owner of the north half of said lots, and the defendant city of Anamosa owns a parcel of ground south of and adjoining said lots 7 and 8, which is a vacated street; all of said property being situated in Anamosa; that the corners and boundaries of the respective lots and parcels of ground owned by the plaintiff and defendants are lost, destroyed, and in dispute, and plaintiff desires to have the same established, and therefore brings this proceeding under chapter 5, title 21, of the Code; that defendant Weiss has constructed and maintains a fence upon the property of this plaintiff, as above described, and he claims that said fence is a division fence, and that said fence as constructed and maintained exactly separates and divides the north half of said lots from the south half, but plaintiff alleges that said fence as constructed and maintained is from two and one half to five feet south of the line separating the north half from the south half of said lots; that defendant city has constructed and maintains a bank of earth upon the property of plaintiff, which extends north from the south line of plaintiff's premises four to ten feet along the entire south line of plaintiff's property; that said city claims to own, or have some right in and to, said strip of ground so incumbered by said bank of earth. Wherefore plaintiff prays that the corners and boundaries of the respective lots and parcels of lands be ascertained and permanently established, and that a commission be appointed by this court to locate the lost, destroyed, and disputed corners and boundaries.

The demurrers of the defendants presented the following questions: (1) The allegations of appellant's petition do not present to the court sufficient facts to authorize it to appoint a commission to establish lost corners and boundaries

under the statute in such a proceeding. (2) That there is a misjoinder of parties and also of causes of action.

I. As stated, demurrers were filed and sustained. Whether this was proper practice, we need not determine, for the reason that appellant has made no objection to it, and it has not been argued.

1. REAL PROP-
ERTY: boundar-
ies: pleadings.

Section 4230 of the Code provides: "The action shall be a special one, and the only necessary pleading therein shall be the petition of plaintiff describing the land involved, and, so far as may be, the interest of the respective parties, and asking that certain corners and boundaries therein described, as accurately as may be, shall be established, and either the plaintiff or defendant may, by proper plea, put in issue the fact that certain alleged boundaries or corners are the true ones, or that such have been recognized and acquiesced in by the parties or their grantors for a period of ten consecutive years, which issue may be tried before commission is appointed, in the discretion of the court."

What is a proper plea by either plaintiff or defendant has not been determined, and, as we have stated, it is not raised or determined in this case. It is, perhaps, only an objection to the appointment of commissioners, or a showing why they should not be appointed, or a statement of the claims of the parties.

In *Gates v. Brooks,* 59 Iowa, 510, 513, it was said that the proceeding contemplated is a summary one, designed to determine and locate the true boundary line between landowners, without any issue made in court.

In *Williams v. Tschantz,* 88 Iowa, 126, a reply was filed, alleging that a survey had been made and acquiesced in by the parties for more than ten years by building fences on the line of such survey, and it was said no reply was necessary.

It is evident that, under the statute and the decisions, the ordinary rules of pleading do not apply strictly. For this case we shall, under the circumstances, treat the demur-

rers as the objections or reasons for not appointing commissioners, but as admitting the allegations of the petition.

In *Smith v. Scoles,* 65 Iowa, 733, it was said that there may be a disputed boundary, and yet, the appointment of a commission not be justified, and that the petition should state the facts in dispute sufficiently to enable the court to determine the nature of the controversy. In that case it was suggested that, if the petition set out the lands and stated what corners and boundaries were lost or destroyed or in dispute, that should be deemed a proper petition, in the absence of any objection to it. The statute itself (section 4230) requires that the corners and boundaries be described in the petition as accurately as may be.

There is no allegation in the petition that there has been any recognition of the fence between the north half and the south half of the lots as the line, or acquiescence therein, or that there has been any recognition of any fence, tree, stone, or other mark as the corners or boundaries of said lots acquiesced in by the parties, nor do defendants allege that any other or different line, corner, or boundary has been acquiesced in by plaintiff.

It seems to the writer that the allegations of the petition are so indefinite as to what corners and boundaries are claimed to be lost or in dispute that the petition is not sufficient. The other members are of opinion that, in the absence of a motion for more specific statement, and on demurrer, the petition states a case for the appointment of commissioners, and I shall not stand out against it. We agree that the better practice would be to state clearly the facts in dispute.

It is contended by appellee that the provisions of the statute do not apply to city lots, but only to lands other than city lots, and that the basis of all surveys of land in this state is the government survey, and the 2. SAME: application of statute. petition fails to allege that any government corner is lost, destroyed, or in dispute, or that any corner or boundary which comes within the purview of the statute

is in dispute. · We see no reason for holding that the statute does not contemplate city lots as well as other lands. A number of cases have been brought here where the controversy was in regard to city properties. The question has never been raised before.

The statute (section 4228) reads: "When one or more owners of land, the corners and boundaries of which are lost, destroyed or in dispute, desire to have the same established, they may bring an action in the district court of the county where such lost, destroyed or disputed corners or boundaries, or part thereof, are situated, against the owners of the other tracts which will be affected by the determination or establishment thereof, to have such corners or boundaries ascertained and permanently established. If any public road is likely to be affected thereby, the proper county shall be made defendant." City lots are lands, and controversies arise over the corners and boundaries thereof.

In *Tooman v. Hidlebaugh*, 83 Iowa, 130, 133, a controversy arose between owners of land in two counties, and the disputed boundary line was the line between the two counties. The statute, as it existed at that time, was somewhat different from the present statute, and the question there was as to the jurisdiction of the court, yet what was there said has some application here. In that case the court said: "The act is general in its terms, and applies to all proprietors of land in this state, the corners or boundaries of whose lands are lost, destroyed, or in dispute, or who are desirous of having said corners and boundaries permanently established."

In our opinion, the sections of the statute upon this subject should be liberally construed, and that they are intended as a convenient, speedy, and inexpensive method for determining such disputes. As to whether government corners and lines alone are contemplated by the statute, it must be admitted that there are some expressions in the cases from which it would seem that it was so held. On this point ap-

pellee cites *Mitchell v. Wilson,* 70 Iowa, 332, where it is said: "The object of the whole proceeding was to ascertain the boundary line between the lands of these parties. To accomplish this, as the statute provides, a commission was appointed to make a survey and establish the true boundary. It is only where the location of the government corners cannot be definitely ascertained that a dispute as to a boundary line can possibly arise." But in that case it was shown that a boundary established by a survey, other than the government survey, had been acquiesced in for twelve years, and this boundary so acquiesced in was established as the true boundary.

Counsel also refer to the dissenting opinion of Mr. Justice Given in *Williams v. Tschantz,* 88 Iowa, at page 130, where it was said: "The basis of all surveys of lands in this state is the government survey." In using this language, the Justice was discussing the distinction between the establishment of corners and boundaries of lands, and the settlement of titles based upon adverse possession. In the same case, Justice Given further said: "If a government corner is found, that is controlling; if not, then any legally established corner, or corner that has been acquiesced in as such for over ten years." There may be no government corners or lines to city lots, but they may have legally established corners and boundaries without such, for the statute provides that, in platting lots and blocks, the corners must be made by giving the bearing and distance from some corner of the congressional division of which the town, city, or addition is a part, and the plat must be filed and recorded. Code, section 914.

From the allegations of the petition, it should be inferred, though it is not clearly stated, that the property in controversy had been duly platted. We are of opinion that disputes as to corners and boundaries of city lots are within the contemplation of the statute quoted, and that, as to such, if there are no government corners or lines, then any legally

established corners and boundaries may be determined or re-established.

II.   It is objected by appellee that the division line between the north half and the south half of these lots is not such a boundary as is contemplated by the law.   Ordinarily

3. SAME: location of division line.

in such a case the true division line would be determined by establishing the corners and lines at the north and south ends of the lots, and dividing the distance, if there had been no other division line established by acquiescence or otherwise.   Similar to this was the controversy in the *Mitchell case, supra,* where the dispute was as to the boundary line, the south half of the southeast quarter of the section, and the forty acres adjoining on the west, because the true location of the half mile or quarter post on the south line of the section could not be determined.

III.   As to the alleged misjoinder of parties and causes of action, section 4228 provides that one or more owners may

4. SAME: location of corners and lines: parties.

bring an action against the owners of the other tracts which will be affected by the determination of the corners and boundaries. This contemplates bringing in all such parties in order that the matter may be adjusted in one proceeding.

In this case the city owns land south of plaintiff's property; if the south line of the lots is found to be further south than is claimed by the city, then the city would be affected. Weiss might also be affected by finding the lines north or south.

We are of opinion that the trial court erroneously sustained the demurrers, and, because of this, the judgment is *Reversed* and the cause *Remanded.*

LADD, C. J., and EVANS, J. J., and WEAVER, concur.