In the Matter of the Application of Harrington et al.

<div style="float:right; border:1px solid #000; padding:2px;">
54   33<br>
81  438
</div>

1. **Lost Corners:** PROCEEDING TO ESTABLISH: PRACTICE. A proceeding to establish a lost corner, under the provisions of chapter 8, laws of 1874, is a special proceeding, triable as an ordinary action, and reviewable by the Supreme Court upon errors assigned.

2. ——: ———: ———: Where the commissioners appointed in proceedings to establish a lost corner reported in favor of establishing such corner in accordance with the distances given in the field notes of the government survey, it was held that the actual survey and location of the corner was properly deferred by them until after it should be determined by the court whether or not it should be made with reference to such field notes, as recommended.

*Appeal from Clinton District Court.*

MONDAY, JUNE 14.

An application was presented to the Clinton District Court representing that a dispute had arisen among the proprietors of certain lands as to the corner and boundaries between sections 16 and 17 and 20 and 21, in township 83 north, range 3 east, and asking for the appointment of a commission of one or more surveyors to make survey of and permanently establish said corner and boundaries, as provided by law. Upon this application the court appointed Thomas Murray and Samuel Perrin to make survey of the premises and report their proceedings to the court. These commissioners finding that the corner of sections 16, 17, 20 and 21 had been lost, summoned witnesses of the neighborhood and took their .testimony. They established the corner of said sections, and on the 15th day of February, 1878, they filed their report. The corner, as thus reported, makes the south line of section 16 about ten rods shorter, and section 17 about ten rods longer than as indicated by the field notes of the original government survey, thus taking from section 16 about twenty acres, and giving that amount to section 17. On the 14th day of June, 1878, Samuel Perrin, one of said commission-

ers, filed with said court his supplemental report, in which he stated that, in his opinion, the commissioners in their original survey and report had made an error in dividing the lands so unequally, without having the government corners fully established or identified by the testimony of witnesses, and that he was thoroughly convinced that the corners of 8, 9, 16 and 17, and 16, 17, 20 and 21 should be set in accordance with the distances recorded on the government map, thereby giving to each party the quantity of land held by his respective title.    On the same day the court, upon motion, set aside the report of the commissioners and appointed Thomas Murray, M. Simpson and R. P. Brown surveyors, in place of those before appointed.    These commissioners proceeded to take testimony and examine the premises, and on the 6th day of September R. G. Brown and A. C. Simpson, two of said commissioners, filed their report. In this report they say:   "We do not find the evidence sufficiently clear and unquestionable to overcome the legal presumption that the lost section and quarter-section posts were originally established at distances indicated in the government field notes.  We find the corners common to sections 16, 17, 20 and 21, and sections 9, 8, 17 and 16, townships and range aforesaid, should be restored to the distances indicated in the government field notes, and the sections above named be subdivided in accordance therewith, and according to the rules laid down by the General Land Office for subdivision of sections.   We also consider that it would be a useless and unneccessary expense to make the actual survey and subdivision until the location of the section corners above described be definitely and finally decided upon by the honorable District Court."

On the 28th day of October, 1878, Thomas Murray, one of said commissioners, and who had been a member of the former commission, filed his report in said court, stating in substance that, in his opinion, the boundaries should be established as indicated in the former report.   The applicants, L.

In the Matter of the Application of Harrington.

K. Harrington et al., moved the court to disaffirm the majority report and to affirm the minority report of said commissioners. The defendants, E. B. Parker et al., moved the court to affirm the majority report and to reject the minority report of said commissioners. The court sustained the motion to affirm the majority report. L. K. Harrington and others excepted, and they appeal.

*N. Corning*, for appellants.

*K. W. Wheeler*, for appellee.

DAY, J.—I. This proceeding is instituted under chapter 8, laws of 1874. The appellants' attorney submits and argues the case as though it were an equitable proceed ing triable here *de novo*. There is nothing in the statute to support the conclusion that the proceeding is of an equitable character. It is a special proceeding, involving merely a legal right, and must be reviewed here as an ordinary action. The finding of the commissioners is abundantly sustained by the evidence. The record presents no reason for disturbing the order of the court confirming the action of a majority of the commissioners.

1. LOST COR-
NER: pro-
ceeding to es-
tablish: prac-
tice.

II. It is claimed that the action of the commissioners should be set aside, because they did not make an actual survey of the premises, and establish a corner at a particular location. The commissioners did, however, determine facts which render the final location of the corner a mere matter of measurement. It was very proper for them to forego the expense of an actual survey until the court should determine whether the corner ought to be located as indicated in their report. The report furnishes the basis for the final adjustment of the dispute between the parties in a manner equitable and just. In our opinion the court properly confirmed the report.

2. —: —:
—.

AFFIRMED.