Mitchell v. Wilson.

## MITCHELL v. WILSON.

1. **Boundaries:** ACTION TO DETERMINE: ADVERSE POSSESSION. The question of adverse possession cannot be determined in a proceeding under the statute to establish a lost corner.

2. ———: ———: SUPPLEMENTAL PLEADING AFTER REPORT MADE. In such proceedings, the only issue is as to the true location of the government corners, and as to that issue the court may properly receive evidence, whether pleaded or not, at any time before the final submission of the cause; and so a supplemental pleading, filed after the report of the commissioners, could not change the issue, and, though wholly unnecessary, is no ground for reversing the judgment of the court.

3. ———: ———: EFFECT OF COMMISSIONERS' REPORT. The report of the commissioners appointed by the court in such proceedings does not have the effect of the verdict of a jury, but the court may confirm, reject or modify it.

4. ———: ———: APPEAL: EVIDENCE. Such proceedings are not triable *de novo* in this court, and the judgment cannot be reversed as being against the evidence, where it is conflicting. (*In re Harrington*, 54 Iowa, 33, followed.

*Appeal from Harrison District Court.*

TUESDAY, DECEMBER 14.

ACTION to determine the boundary line between the S. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section 31, township 79 N., of range 42, owned

by the plaintiff, and the S. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of the same section, owned by the defendant. From the judgment the defendant appeals.

*S. H. Cochran*, for appellant.

*L. R. Bolter & Sons*, for appellee.

SEEVERS, J.—The petition states that the boundary line between the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ and S. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$ of section 31, township 79, range 42, is in dispute, because the true location of the half mile or quarter post on the south line of said section cannot be readily determined, and therefore the center of the section is not certainly known. The defendant answered the petition, and commissioners were appointed to make a survey, and definitely locate such boundary line. The commissioners heard evidence, made surveys, located the boundary line, and reported the same to the court, together with the evidence. The boundary line so fixed we understand to be satisfactory to the defendant, and he asked the court to confirm and adopt the same, and the plaintiff moved the court to set aside the report. Neither of these motions was determined. Pending their consideration, the plaintiff asked and obtained leave, against the objections of the defendant, to file a supplemental pleading, which, with amendments thereto, stated, in substance, that a survey had been made of the premises by one Parkins, some years prior to the commencement of this action, and that he had established the disputed corner, and the boundary line, and that fences had been built, buildings constructed, and a highway established, in accordance therewith. The defendant moved the court to strike this pleading from the files. This motion was reserved until the final hearing. A jury was impaneled to determine the question of adverse possession, which was relied on in the pleadings, and certain interrogatories were propounded to the jury, which were answered by them. It should be stated that the plaintiff, upon a showing made,

introduced the evidence of Parkins, which was considered by
the court, although the same was not before the commission-
ers.   The whole case was then submitted to the court upon
the report of the commissioners, evidence, and special find-
ings of the jury.   The court found and determined that the
report of the commissioners should be modified, and the cor-
ners and boundary established in accordance with the Par-
kins survey.   Such being the facts, stated in a general way,
we proceed to a consideration of the objections made by
counsel for appellant.

I.   It is insisted by appellant that the question of adverse
possession cannot be considered and determined in this char-
acter of actions.   It has been recently so held.
But we are unable to see that appellant was in
any respect prejudiced by the action of the court.

1. BOUNDAR-
IES: action to
determine:
adverse pos-
session.

The finding of the jury was in his favor, and the judgment
or decree is not based thereon.

II.   It is insisted that the issue formed before the
commission is appointed should not be changed after the
report has been made.   This, we understand,
refers to the supplemental pleading, and the
issue presented thereby.   We are unable to see

2. ——: ——:
supplemental
pleading after
report made.

the necessity of the supplemental pleading, nor do we see
that the issue was changed.   The object of the whole pro-
ceeding was to ascertain the boundary line between the lands of
these parties.   To accomplish this, as the statute provides, a
commission was appointed to make a survey, and establish the
true boundary.   It is only where the location of the govern-
ment corners cannot be definitely ascertained that a dispute as
to a boundary line can possibly arise.   If the corner has been
obliterated or lost, then evidence of its true location may be
heard by the commissioners, and, upon a consideration of
such evidence and a survey, the disputed boundary is estab-
lished by them.   Now, if no supplemental pleading had
been filed, we think it would have been competent for the
court, at least upon a proper showing, to permit the introduc-

tion of any evidence, at any time before the final submission of the cause, which tended to show the location of the corners and boundary 'line. In its discretion, the court might set aside the report, and make a new reference to the same or other commissioners to consider the new evidence, together with what had been previously taken, and, if deemed necessary, to make another survey.

III. It is insisted that the report of the commission should have the force and effect of the verdict of a jury.

3. ——: ——: *Vittoe v. Richardson*, 58 Iowa, 575, does not
effect of commissioners' support this proposition, as counsel claim. The
report. statute expressly authorizes the court to confirm, reject, or modify the report of the commissioners. Miller's Code, (Ed. of 1886,) p. 163. Therefore it seems to us the report cannot have the effect claimed for it. The commissioners are simply officers of the court, appointed for the purpose of aiding the court in establishing the true boundary line.

IV. The court, upon a consideration of the report and all of the evidence, reached the conclusion that the boundary

4. ——: —— : established by Parkins, about twelve years before
appeal: evidence. the trial in the court below, and which had been
acquiesced in by the respective owners of the land, to some extent at least, was the true boundary. From an examination of the evidence we cannot say that this conclusion is wrong; for the case is not triable anew in this court. *In re Harrington*, 54 Iowa, 33.

AFFIRMED.