STARR & HALLOCK, Appellants, v. INGHAM & WARREN
*et al.*, Appellees.

County Printing: AWARD: APPEAL. An appeal from the decision of
the board of supervisors of a county, under section 307 of the Code,
as amended by chapter 197 of acts of the Twentieth General
Assembly, upon a, charge of fraud in an award of the county printing,
must be perfected by service of the notice of appeal and the filing of
a bond, within twenty days after such decision.

*Appeal from Kossuth District Court.*—HON. GEORGE H.
CARR, Judge.

FRIDAY, FEBRUARY 5, 1892.

THIS is an appeal from .an order of the district
court dismissing an appeal from the board of super-
visors of Kossuth county. The plaintiffs were appel-
lants in the court below, and they appeal to this court.
*Affirmed.*

*W. B. Quarton* and *Soper & Allen*, for appellants.

*Geo. E. Clark*, for appellees.

ROTHROCK, J.—At the January term, 1890, of the
board of supervisors, there was a contest among the
publishers and proprietors of three newspapers for
the county printing. The appellants represented one of
said newspapers. Ingham & Warren were proprietors
of one of the other newspapers, and J. W. Hinchon,
the owner of another newspaper, was the other con-
testant. The board of supervisors awarded the printing
to the newspaper represented by Ingham & Warren and
by Hinchon. The plaintiffs charged that the lists of
subscribers of the other papers were largely fraudulent,
but upon the hearing the board determined that the

charge of fraud was not sustained. The final order was made by the board on the twenty-eighth day of January, 1890. On the fifteenth day of February, 1890, the plaintiffs served a notice of appeal upon the members of the board and upon the auditor of the county. On the twenty-ninth day of April, 1890, they served a notice of appeal on Ingham & Warren and on Hinchon. No appeal bond was filed at any time. The motion to dismiss the appeal in the district court was upon the ground that the service of the notice of appeal on Ingham & Warren and upon Hinchon was more than twenty days from the date of the decision of the board of supervisors, and because no appeal bond was filed. It appears to be conceded that notice upon the other contestants for the printing was necessary, and there can be no doubt that this is correct. They were parties to the proceeding, and the only parties who were directly interested. A charge of fraud was made against them, and that was the very question to be tried upon appeal.

Section 307 of the Code, as amended by chapter 197, Acts Twentieth General Assembly, so far as it applies to the question involved, is as follows: "In case charges of fraud are made by an aggrieved publisher, the board shall seek other evidence of circulation, and the aggrieved publisher shall have the right to appeal to the circuit court for redress of grievance. Said appeal shall be taken as in ordinary actions, and, in case of appeal, neither publisher to the contest shall receive pay for publishing such proceedings until the case is disposed of in the circuit court." As the circuit court has been abolished, the appeal lies to the district court. This provision of the law does not expressly provide the time within which an appeal shall be taken, but refers to the method of taking an appeal as that provided for in ordinary actions. It is provided by section 2504 of the Code that "remedies in civil cases in the courts of this state are divided into actions and

special proceedings." The case at bar is a special proceeding. It is not an action by one party against another. Section 2507 is as follows: "All forms of action are abolished in this state; but the proceeding in a civil action may be of two kinds, ordinary or equitable." Other sections following define what are equitable proceedings, and section 2513 is as follows: "In all other cases, except in this Code otherwise provided, the plaintiff must prosecute his action by ordinary proceedings." Special proceedings are prosecuted as provided by statute. They are not ordinary actions. When the lawmaking power provided that an appeal in this proceeding must be taken "as in ordinary actions," to determine how the appeal shall be taken, it is necessary that reference be had to the manner of taking appeals to the district court in ordinary actions. This is plainly pointed out by ascertaining the method of taking appeals to the district court from justices of the peace in ordinary actions. The courts of justices of the peace, and possibly mayors of cities and towns, are the only tribunals having jurisdiction from which appeals in ordinary actions may be taken. It is provided in section 3576 of the Code that an appeal from a judgment of a justice of the peace must be taken and perfected "within twenty days after the rendition of the judgment;" and by section 3580 an appeal cannot be taken until an appeal bond is filed. We think that there can be no other fair construction put upon the statute providing for an appeal in this special proceeding than by referring to the manner in which appeals are taken to the district court in ordinary actions, and the district court acquires jurisdiction in such cases by a notice served and bond given within twenty days. The order of dismissal is AFFIRMED.