In re Awarding the County Printing, and the Selection of Official Newspapers of Cherokee County. THE CHEROKEE TIMES and THOMAS McCULLA, Appellant, v. THE CHEROKEE REPUBLICAN and JOHN T. HOGAN, Appellee.

**Municipal corporations:** COUNTY PRINTING: PROCEDURE. In contests over the selection of county newspapers, and the awarding of county printing, the protests and pleadings should not be construed with too much strictness; as the proceedings are largely informal in character, before a board not accustomed to judicial procedure, and usually conducted by the contending owners of the newspapers.

**Same:** APPEAL: SERVICE OF NOTICE. An appeal from the action of the supervisors in designating official county newspapers is to be taken as in ordinary actions, by service of notice upon the publisher against whom the protest has been lodged; it need not be served upon any county official.

**Same:** TRIAL: DEPOSITIONS: WAIVER OF ERROR. An appeal from an order of the supervisors designating official county newspapers is a special proceedings; and, while not triable to a jury, is to be heard as an ordinary action, and the court is not authorized to order the case tried upon depositions or other written evidence. And although the appellant may have complied with an unauthorized order requiring the action to be tried on depositions, having excepted to the order, he did not thereby waive the error.

**Same:** RIGHT TO OFFER ADDITIONAL EVIDENCE. Even though the appellant in such a case suffered no prejudice by an erroneous order that the case be tried on depositions, still a refusal to permit him to introduce additional testimony on the trial was erroneous.

**Same:** APPEAL: PREJUDICE: PRESUMPTION. The rule that when error is once shown, in an action triable on appeal upon the assignments of error, prejudice will be presumed, applies to an appeal from an order designating official newspapers, and a reversal will be ordered unless it is affirmatively shown that no prejudice resulted. And the appellant need not present more of the

record than is sufficient to show the errors complained of. If the appellee claims that the erroneous rulings were not prejudicial he must show that fact.

*Appeal from Cherokee District Court.*—HON. WM. HUTCHINSON, Judge.

FRIDAY, JUNE 7, 1912.

APPEAL from a decision of the district court in the matter of the selection of county newspapers and the awarding of the county printing to the defendant paper. The case was brought to the district court on appeal from the action of the board of supervisors in awarding the printing to three newspapers published in the county, not including the Cherokee Times, and the action of the board was sustained by the district court. The Cherokee Times and Thomas McCulla appeal.—*Reversed.*

*J. A. Miller* and *McCulla & McCulla,* for appellants.

*Herrick & Herrick* and *Molyneux & Maher,* for appellees.

DEEMER, J.—At its January session in the year 1910, the board of supervisors of Cherokee county had before it the matter of selection of the official newspapers of the county. Five newspapers made application, to wit, the Cherokee Republican, the Semi-weekly Democrat, the Marcus News, the Times Publishing Company and Thomas McCulla, and one other. After a hearing the board selected the Semiweekly Democrat, the Cherokee Republican, and the Marcus News as the official county papers for the year 1910. The Times Publishing Company and McCulla appealed to the district court. Upon a hearing there, the action of the board was confirmed and sustained, and this appeal followed.

The record is in some confusion, and we shall have some difficulty in stating it. Before the board of supervisors, the Cherokee Times' and Thomas McCulla filed application for the county printing, and the Cherokee Republican and John T. Hogan did the same thing. The Cherokee Times and Thomas McCulla filed a protest against the list filed by the Republican, and this protest is introduced in this way: "Thomas McCulla, editor and one of the owners of the Cherokee Weekly Times, appears," etc. This protest was duly filed, but not signed by any one. The Cherokee Republican and Hogan also filed a protest against "the list filed by Thomas McCulla for the Cherokee Times and by the Cherokee Times, and protested against the list of subscribers of said Cherokee Times" for reasons stated. The records of the board of supervisors show that Thomas McCulla appeared and filed protests against list of subscribers filed by the Cherokee Republican and that the Cherokee Republican, by attorney, filed a protest against the list of subscribers submitted by the Cherokee Times, and that at the time set for hearing no specific evidence was submitted, and an award was made as before indicated. The record further shows the following:

That thereafter, to wit, on the 22d day of January, A. D. 1910, the Times Publishing Company and Thos. McCulla, appellants, filed their appeal bond in the sum of $100, which bond was, on the 25th day of January, A. D. 1910, duly approved by me. That on said 22d day of January, A. D. 1910, the said Times Publishing Company and Thos. McCulla caused to be served on the undersigned, auditor of Cherokee county, an original notice of appeal in this matter, which notice is hereto attached and made a part of this transcript. That afterwards, and on the 22d day of January, A. D. 1910, the said Cherokee Times and Thomas McCulla, appellants, duly served notice of appeal from said proceedings, findings, and judgment of the board of supervisors of Cherokee county, Iowa, in selecting the Cherokee Republican as one of the official newspapers for Cherokee county, Iowa, to the district court of

Cherokee county, Iowa, upon John T. Hogan, owner and proprietor of the Cherokee Republican, appellee, and which said notice of appeal was duly filed in said matter on the 22d day of January, A. D. 1910.

The notice of appeal to the district court was entitled: "Notice of Appeal. In the Matter of Selecting Official Newspapers for the Year 1910 by the Board of Supervisors of Cherokee County, Iowa." It contains the following recitations:

To John T. Hogan, owner of the Cherokee Republican —Sir: You will please take notice that the Times Publishing Company, owners of the Cherokee Semiweekly Times, a newspaper published at Cherokee, Cherokee county, Iowa, and Thomas McCulla, one of the owners and manager of said company, and publisher of the said Cherokee Semiweekly Times, have appealed from the decision of the board of supervisors of Cherokee county, Iowa, made on the 6th day of January, 1910, in naming the Cherokee Republican as one of the official newspapers of said county, for the year 1910, to the district court of the state of Iowa, in and for Cherokee county, and that said appeal will be brought on for further proceedings at the March term of said court, to be begun and holden at the courthouse in said county on the 14th day of March, 1910.

It is signed as follows: "Times Publishing Company, per Thos. McCulla, manager. Thos. McCulla." This notice was served upon John T. Hogan, owner of the Cherokee Republican, and filed by the county auditor, George Wilson, on January 22, 1910.

Transcript of the record before the board was filed with the clerk of the district court of Cherokee county, and on November 1st, on application of the appellee, the trial court made the following order:

And now, to wit, on the 1st day of November, A. D. 1910, the same being one of the term days of the regular October, A. D. 1910, term of the district court of the

state of Iowa, in and for the county of Cherokee, the above-entitled cause coming on for hearing upon the call of calendar, the plaintiff appears by its attorney, J. A. Miller, for Times, and the defendant by attorneys, Molyneux & Maher and Herrick & Herrick, for Republican. It is ordered by the court that appellant take and file its evidence by December 10, 1910, and appellee file its evidence by January 1, 1911, and appellant file its rebuttal by January 10, 1911, to all of which appellant excepts.

The record then shows the following:

Thereafter appellant took the testimony of Mary C. Durphy, by deposition, and also the testimony of seven other witnesses, being J. R. Lockin, John T. Hogan, appellee, Maud Lent, Winifred Fife, Oscar Wendt, A. B. Cobb, and O. H. Phipps, before the official shorthand reporter of said court, and all of said evidence was filed in said cause December 10, 1910. That before said order was made appellant also took the deposition of W. H. Rogers, and filed the same before said December 10, 1910. That upon the examination of the appellee, John T. Hogan, the books of said appellee were called for, and said books, consisting of the account books of said Cherokee Republican, were produced and marked Exhibits B, C, D, E, F, G, and H, and all the same were introduced in evidence by appellant. That appellant also called for and had identified as Exhibit A the original list filed by said John T. Hogan with the county auditor showing his subscribers to the Cherokee Republican, and offered the same in evidence. That said account books were some of the large, bulky books, with accounts of subscribers to said paper therein, and list of such subscribers. That the foregoing was all the evidence offered or introduced upon said trial by either party, prior to the time said cause came on for trial. That said cause was duly set for trial, and the same was duly tried January 11, 1911; said date being the ninth day of the regular January term, 1911, of said court.

The case came on for hearing in the district court, as stated.

The foregoing was all the evidence offered or intro-

duced upon said trial, save the list of subscribers to the Cherokee Times, which was permitted by the court to be offered, as shown by the ruling of the court set out on page ten of appellant's abstract in the decree. That said list of subscribers was marked as Exhibit 1, and the same, except the names of the subscribers, is as follows: 'State of Iowa, Cherokee County—ss.: I, Thomas McCulla, being first duly sworn, say that I am the editor of the Cherokee Times; that the annexed list are the *bona fide* yearly subscribers of the Cherokee Times living within the county, together with the correct post offices, where they get their mail, and the number of such subscribers to the best of my knowledge and belief, and as I verily believe. Thomas McCulla.' (Duly sworn to.) . Then follows the following ing caption and summary: 'Summary showing subscribers to Cherokee Times residing in Cherokee County.' After this follows a list of post offices, with the number of names at each, making a total of 1,560. After this summary and list of post offices follows the names of the subscribers, grouped under the heads of the various post offices.

To this Hogan filed objections upon various grounds, and the trial court made the following order thereon:

And thereupon the appellant filed a motion that appellent be permitted to offer list of its subscribers, which was presented to the board of supervisors, in evidence, and take oral evidence in support of such list, to which motion the appellee filed objections, and the court, after consideration of the said matter, sustains said motion, so far as to permit the said appellant to offer said list in evidence, and overruled the said motion, so far as it asked permission to introduce oral testimony in support of said list. Both parties except to such ruling.

Thereafter and on the 19th day of January, 1911, the court entered an order affirming the action of the board and ordering judgment against appellants, the Cherokee Times and Thomas McCulla, for the costs. The notice of appeal to this court is entitled as in the caption to this opinion. It was directed to the clerk of the district court, Wilson, county auditor, and the attorneys for the Cherokee

Republican and John T. Hogan, and signed by J. A. Miller, attorney for appellants. It recited that the Cherokee Times and Thomas McCulla have appealed, etc.,

From the judgment and order of the district court of Cherokee county, Iowa, wherein the said court ordered that the testimony in said cause be taken by the respective parties thereto in writing, and same then filed in said court, and which order was made on the 1st day of November, 1910, and from the judgment, order, and findings entered in said cause on the 19th day of January, 1911, wherein the said judgment affirmed the action and order of the board of supervisors of Cherokee county, Iowa, in selecting the Cherokee Republican, published by John T. Hogan, as one of the official newspapers in and for Cherokee county, Iowa, and from the court's findings on said date against the Cherokee Times and Thos. McCulla, appellants. That the order of November 1, 1910, from which appellants appeal was made at the regular October, 1910, term of the district court of Cherokee county, Iowa, and the judgment against appellant, and from which he appeals, was entered against him on January 19, 1911, at the regular January, 1911, term of district court within and for Cherokee county, Iowa.

It should also be stated; although a little out of order, that the appeal to the district court, if there was one, was from the action of the board in naming the Cherokee Republican as one of the official newspapers of the county for the year 1910. On account of the confusion of names in this prolix record, and because no notice of appeal from the board was served upon the county auditor or other county official, and for the reason that there never was any direct appeal from the board's refusal to award the printing to appellant, appellees have filed a motion to dismiss the appeal to this court. While there is considerable confusion in the names given of appellant at different times during the course of the proceedings, the protests and pleadings in such contests should not be governed with too great

1. MUNICIPAL CORPORATIONS: county printing: procedure.

strictness. They are largely informal in character before a board not accustomed to judicial procedure, and are usually conducted by the contending owners of the various papers published in the county. We think the identity of appellant sufficiently appears, and that, while there were changes in name from time to time, there never was any question as to who the contending parties were.

Section 441 of the Code Supplement, which has reference to these contests and the appeals therefrom, so far as material, reads as follows:

The board of supervisors of each county shall, at its January session in each year, select two newspapers published within the county, or one, if there be but one published therein, having the largest number of *bona fide* yearly subscribers within the county, which circulation shall be determined as follows: In case of contest, the applicants shall each deposit with the county auditor, on or before a day named by the board of supervisors, a certified statement, subscribed and sworn to before some competent officer, giving the names of the several post offices, and the number and names of the *bona fide* yearly subscribers receiving their papers through each of said offices living within the county; such statements to be in sealed envelopes, and opened by the county auditor upon direction of the board of supervisors; and the two applicants thus showing the greatest number of *bona fide* yearly subscribers living within the county shall be the county official papers. . . . But in counties having a population of fifteen thousand or more, three papers, not more than two of which shall be published in the same town, shall be selected, in which such proceedings shall be published, with the same limitation as to compensation. . . . In case a contest is made by a publisher, the board shall receive other evidence of circulation, and he shall have the right to appeal to the district court, to be taken as in ordinary actions. . . .

There is a dispute in the record over the question as to whether the notice of appeal was served upon the county auditor or other county official. In a certification of the record from the district court appears the following:

Transcript of 'doings of board of supervisors.' That on said 22d day of January, A. D. 1910, the said Times Publishing Company and Thos. McCulla caused to be served on the undersigned, auditor of Cherokee county, an original notice of appeal in this matter, which notice is hereto attached and made a part of this transcript.

The attached notice does not show any service upon the auditor, although the notice was filed by him. In an affidavit appellant says that notice was in fact accepted

2. SAME: appeal: service of notice.

by the clerk, but that the copy of the notice showing such service has been lost, and can not be found. Some confirmation of these facts is found in the transcript of the board's proceedings, and in the further fact that appellee did not move to dismiss in the district court. But whatever the truth here, we do not find any provision of statute requiring service upon any county official. Appeals are taken as in ordinary actions. The appeal is from the decision of the board, acting judicially; and the board has no more interest in maintaining its decision than any other tribunal. Neither it nor the county is in any just sense a party to the appeal. The statute also says that a contesting publisher shall have a right to appeal to the district court from the selection made, and the notice, in our opinion, need only be served upon the publisher against whom the protest has been lodged. The motion to dismiss the appeal should be overruled.

As the testimony in fact adduced upon the trial in the district court is not before us, we can not determine the real merits of the controversy. The only showing is

3. SAME: trial: depositions: waiver of error.

that the total list of subscribers to the Cherokee Times, living within the county, was 1,560; but there is no showing as to the number of subscribers to the Cherokee Republican, or as to either of the other two papers, which were unsuccessful in the contest. We do not have before us the testimony

taken for appellant under the order of the district court, and the testimony offered for appellee has not been put in the record. This appeal is a special action, and, while not triable to a jury, it is to be heard as an ordinary action. *Starr v. Ingham,* 84 Iowa, 580, Code, section 3425. And section 3650 of the Code provides: "Issues of fact in an ordinary action must be tried by jury, unless the same is waived. All other issues shall be tried by the court, unless a reference thereof is made."

Section 3651 also provides: "All issues of fact in ordinary actions shall be tried upon oral evidence taken in open court, except that depositions may be used as provided by law; and, upon appeal, no evidence shall go to the Supreme Court except such as may be necessary to explain any exception taken in the cause, and such court shall hear and try the case only on the legal errors so presented."

The case is not triable *de novo* as in equity; and there is no provision whereby the court may order the case tried upon depositions or other written evidence. *Democrat Co. v. Lewis,* 90 Iowa, 304.

The provision for a reference, under section 3650, does not authorize an order for trial on deposition. A reference is something entirely different from an order to try on depositions. Reference may be with consent or without; but it is always to find the facts, or the facts and the law, and not simply to take testimony. Code, sections 3734, 3735, 3736, 3738, 3739, 3740, 3741, 3745, 3746 and 3748.

The order to take the testimony in writing seems to have been unauthorized. True appellant complied with it to a certain extent; but he excepted to the ruling, and did not, as we think, by complying with an unauthorized order of court, waive the error therein. Having saved his exception, he is entitled to question the same on appeal here. There seems to be no escape from the conclusion that the trial court was in error in deciding that the testimony be taken in writing.

Again, even if it be said that appellant has suffered no prejudice, because he did secure a consideration of such testimony as he took, it is manifest that if the order was

**4. SAME: right to offer additional evidence.** erroneous appellant had the absolute right to introduce additional testimony on the trial; and this right was expressly denied him, as the record we have quoted discloses.

These two errors are, it seems to us, apparent, and the only doubt we have is what to do with the case, in view of the meager record as to the testimony. Upon

**5. SAME: appeal: prejudice: presumption.** reflection, we have concluded that, as the case is not triable *de novo*, but upon errors assigned, the usual rule obtains; that is to say, error once shown in a case triable here on error is presumed to be prejudicial, and calls for a reversal, unless lack of prejudice is affirmatively shown. *In re Estate of Lund,* 107 Iowa, 264; *Davis v. Clinton,* 55 Iowa, 549; *Brett v. Myers,* 65 Iowa, 274; *In· re Harrington,* 54 Iowa, 33.

Under this rule, it is not necessary for appellant to bring up any more of the record than to show the error complained of. If appellee claims that the erroneous rulings were without prejudice, he must show that fact. This was not done in the instant case.

The motion to dismiss the appeal is overruled, and for the errors pointed out the order and judgment must be and they are—*Reversed.*