ROBLES v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 5078.   Decided March 12, 1931.   (296 P. 600.)

*A. M. Moore and Soren X. Christensen,* both of San Francisco, Cal., for plaintiff.

*Bagley, Judd & Ray,* of Salt Lake City, and *George P. Parker,* Atty. Gen., for defendants.

CHERRY, C. J.

Ramigio Robles was killed by accident in the course of his employment by the Southern Pacific Company at Lucin,

Utah, on October 4, 1928. His mother, the plaintiff herein, a resident of Mexico, claiming to have been dependent upon her deceased son for her support, applied to the ▮▮ Industrial Commission for compensation on account of his accidental death. Her application was denied, and the Industrial Commission, upon a finding that there were no dependents of the deceased employee, ordered the employer to pay $975.31 into the state treasury as provided in such cases by section 3140, Comp. Laws 1917, as amended by Laws 1921, c. 67, the Workmen's Compensation Act. The plaintiff has brought the case here by writ of review, contending that the Industrial Commission, under the evidence, was bound in law to find that she was a dependent of the deceased and entitled to compensation.

The only question in dispute before the Industrial Commission was the dependency of the plaintiff. Other essentials to compensation were admitted. With the consent of the parties, and upon the order of the commission, a hearing was had at Los Angeles, Cal., before the Industrial Accident Commission of California, on December 27, 1929, at which a brother of the deceased workman gave testimony consisting entirely of hearsay that the deceased for several years before his death had been making contributions to his mother's support. Upon the grounds that the proof of dependency consisted entirely of hearsay evidence, the commission on January 24, 1930, denied the plaintiff's application. On February 13, 1930, a petition for rehearing was presented to the commission, which was denied on April 29, 1930. On May 5, 1930, there were filed with the commission certain purported depositions of several witnesses taken in Mexico, and some unproved letters purporting to have been written by the deceased employee in his lifetime. On May 8, 1930, the commission made an order rescinding its former order denying a rehearing and reopened the case to consider the depositions and other documents submitted on behalf of the applicant. On June 28, 1930, the commission made its final order against the claim of the alleged dependent.

In support of the decision and order of the commission it is contended: (1) That the evidence offered by the applicant was all incompetent, and (2) that, if the same was not incompetent, it was so vague, indefinite, and unsatisfactory that the commission had ample reason for declining to make a finding of dependency upon it.

Both propositions must be sustained. The so-called depositions were taken in Mexico in the Spanish language without any notice, stipulation, or order authorizing the taking of the same. There was no appearance by the employer at the taking of the depositions, and no opportunity for cross-examination. The proofs offered amounted to no more than ex parte affidavits, and did not constitute competent evidence upon which an award could be based. The contents of the depositions were mere general statements that the deceased had made contributions to his mother, and that she depended on him, with no particulars as to the time or amount of the contributions.

The order of the Industrial Commission is affirmed.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.