JOHN GEDDES MORAN *vs.* SCHOOL COMMITTEE OF LITTLETON.

Middlesex.   December 5, 6, 1944. — February 5, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*School and School Committee.  Evidence,* Affidavit, Presumptions and burdon of proof.  *Error,* Whether error harmful.  *Quasi-judicial Tribunal.*

It is a general rule, based on necessity and designed to enable an administrative board to exercise its power where it might otherwise be barred from so doing on account of the bias, interest or prejudice of one or more of its members, that a member who is biased or prejudiced against one on trial before the board is not required to withdraw from the hearing if no other board can hear and determine the matter being heard, especially if his withdrawal would deprive the board of the number of members required to take a valid affirmative vote.  Per RONAN, J.

The mere fact, that, at a hearing by a school committee of charges preferred by it under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, against a teacher serving at its discretion, two of its three members testified under oath as witnesses and were examined by the committee's counsel and cross-examined by counsel for the teacher, did not disqualify the two from resuming their function as members of the committee and participating in its decision.

A decision, made by an administrative board after a hearing required in a quasi-judicial proceeding, is a nullity if it is based on evidence known only to the members of the board and not presented at the hearing.  Per RONAN, J.

At a hearing by a school committee of charges preferred by it under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, against a teacher serving at discretion, no prejudicial error was shown in the admission of affidavits as evidence where it appeared that the charges were substantiated by evidence apart from the affidavits.

A school teacher dismissed by the school committee following proceedings under G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, is not entitled to a writ of mandamus to secure his reinstatement in his position unless he proves that the school committee committed an error in such proceedings and that the error was prejudicial to him.

PETITION, filed in the Superior Court on October 5, 1943, for a writ of mandamus.

The case was heard by *Forte*, J.

*H. D. White*, for the petitioner.

*J. N. Kelly*, for the respondents.

RONAN, J.  The petitioner, a teacher serving at the discretion of the school committee, having been removed by the committee from his position as principal of the high school of Littleton after a public hearing upon charges preferred by the committee, appealed from an order of the Superior Court dismissing a petition for mandamus which he brought to secure his reinstatement.

During the hearing before the committee, two of the three members who then constituted the committee testified under oath as witnesses, and were examined by counsel for the committee and cross-examined by counsel for the petitioner.  Each of them after testifying resumed his duties as a member of the committee.  Nothing in the record indicates that the petitioner objected to this procedure, but he now contends that by becoming witnesses they were thereby disqualified to act further as members and that the decision in which they participated was void.

The power of school committees to elect and contract with teachers and their duty to maintain the schools at a high standard have been frequently stated in the decisions of this court and we need not repeat what was there stated. See, for instance, *Leonard* v. *School Committee of Springfield*, 241 Mass. 325; *Decatur* v. *Auditor of Peabody*, 251 Mass. 82; *Ring* v. *Woburn*, 311 Mass. 679; *Hayes* v. *Brockton*, 313 Mass. 641.  The responsibility for the removal of a teacher who is incompetent or whose retention would be detrimental to the best interests of the public school system rests exclusively with the committee, although the exercise of the power to remove a teacher has for many years been regulated by statute, more especially with reference to teachers who like the petitioner are employed to serve at the discretion of the committee.  G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123.  *Knowles* v. *Boston*, 12 Gray, 339.  *Toothaker* v. *School Committee of*

*Rockland*, 256 Mass. 584.  *Rinaldo* v. *School Committee of Revere*, 294 Mass. 167.  *Graves* v. *School Committee of Wellesley*, 299 Mass. 80.  *Frye* v. *School Committee of Leicester*, 300 Mass. 537.  *Perkins* v. *School Committee of Quincy*, 315 Mass. 47.  These statutory provisions do not limit the power conferred upon the committee but restrict the manner of its exercise.  No provision has been made by the Legislature to substitute anyone for a member of the committee who might be biased, prejudiced or personally interested in the ousting of a teacher, or who by physical or other reasons is unable to be present and participate in the hearings.  *Perkins* v. *School Committee of Quincy*, 315 Mass. 47.  Compare *Real Properties, Inc.* v. *Board of Appeal of Boston*, 311 Mass. 430.  Furthermore, no removal can be effected except by a two thirds vote of the entire committee.  It is unlikely that members of a school committee, especially in a small town, will not learn of the public's criticism of or dissatisfaction with the work or conduct of a teacher, particularly one who occupies the highest position on the teaching staff.  It can hardly be contended that possession of such information by a member of the committee would disqualify him from hearing the charges and voting to retain or discharge the teacher.  If members are to be disqualified upon such grounds, then it would frequently happen that the committee charged with the duty of removing a teacher could not act, and that a teacher, no matter how incompetent or unsuited on account of improper conduct of one kind or another, would remain immune to removal.  It would be a reproach to the law if no remedy existed for the elimination of such a situation. The general rule is that a member of an administrative board who is biased or prejudiced against one on trial before the board is not required to withdraw from the hearing if no other board can hear and determine the matter, especially if his withdrawal would deprive the board of the number of members required to take a valid affirmative vote.  This rule is based on necessity and is designed to enable the board to exercise its power where it might otherwise be barred from doing so on account of the bias, inter-

·est or prejudice of its members. *Commonwealth* v. *Ryan*, 5 Mass. 90. *Hill* v. *Wells*, 6 Pick. 104. *Commonwealth* v. *McLane*, 4 Gray, 427. *Ison* v. *Western Vegetable Distributors*, 48 Ariz. 104. *Caminetti* v. *Pacific Mutual Life Ins. Co.* 22 Cal. (2d) 344. *Gordy* v. *Dennis*, 176 Md. 106. *Hawkins* v. *Common Council of Grand Rapids*, 192 Mich. 276. *State* v. *Burney*, 269 Mo. 602. *State* v. *District Court*, 87 Mont. 108. *Crane* v. *Mayor & Aldermen of Jersey City*, 90 N. J. L. 109. *People* v. *Waldo*, 212 N. Y. 156. *Bradycamp* v. *Metzger*, 310 Penn. St. 320. *State* v. *Humphreys*, 163 Tenn. 20. *Rutter* v. *Burke*, 89 Vt. 14. *State* v. *Houser*, 122 Wis. 534. Compare *Coyne* v. *Alcoholic Beverages Control Commission*, 312 Mass. 224.

The two members of the committee were not disqualified by acquiring the information that they disclosed as witnesses. Neither were they barred from further considering the case on account of the fact that they had testified. The petitioner was entitled to know all the evidence upon which the committee based its decision. If they considered their information material, they could not properly remain silent. The plain dictates of justice required them to disclose the facts that they knew, if they intended to consider them with the other testimony. If they did not divulge these facts and did consider them in reaching their conclusion to dismiss the petitioner, then the latter was deprived of the right given to him by the statute which prohibited his removal unless the charges were substantiated by evidence produced at the hearing. Even in the absence of such a statutory provision, a decision made in a quasi-judicial proceeding by an administrative board based on evidence known only to the members of the board is a nullity. *American Employers' Ins. Co.* v. *Commissioner of Insurance*, 298 Mass. 161. *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223. *Burns* v. *Thomas Cook & Sons, Inc.* ante, 398. See *Berlandi* v. *Commonwealth*, 314 Mass. 424, 447–448. To hold that the committee might proceed upon information that some of its members had acquired before the hearing and had withheld from the petitioner "would nullify the right to a hearing, — for manifestly

there is no hearing when the party does not know what evidence is offered or considered and is not given an opportunity to test, explain, or refute." *Interstate Commerce Commission* v. *Louisville & Nashville Railroad,* 227 U. S. 88, 93. *Morgan* v. *United States,* 304 U. S. 1, 17–20.

Doubtless, counsel is under an obvious and serious handicap in cross-examining a member of the committee before whom his client is on trial upon charges preferred by the committee, who it must be assumed had sufficient knowledge and confidence in the truth of the charges to warrant it in bringing ouster proceedings; but it must be kept in mind that the proceedings are brought in the public interest, and if the procedure provided is thought to impose too great a hardship upon a teacher the remedy lies with the Legislature.

The petitioner objected to the introduction of six affidavits at the hearing before the committee. It may well be that the affidavits were competent evidence, not as to the truth of the facts stated therein but as bearing upon the good faith of the committee in the formulation of the charges and in proceeding with the hearing, *Bacon* v. *Towne,* 4 Cush. 217; *Higgins* v. *Pratt,* 316 Mass. 700, and that there was no error in their admission on the principle that a general exception to the introduction of testimony cannot be sustained if the testimony was admissible for a specific purpose and there was no request that it be limited to that purpose. *Hubbard* v. *Allyn,* 200 Mass. 166, 171. *Leonard* v. *Boston Elevated Railway,* 234 Mass. 480, 483. *Curtin* v. *Benjamin,* 305 Mass. 489, 493. We prefer not to dispose of the point in this manner but to consider it upon the broad grounds upon which it is raised.

Affidavits are not competent evidence to prove the truth of the statements that they contain upon a trial on the merits in courts of law unless they come within some established exception to the hearsay rule or come within some statutory provision. *Poignand* v. *Smith,* 8 Pick. 272. *Gray* v. *Moore,* 7 Gray, 215. *Browne* v. *Fairhall,* 218 Mass. 495. *Irwin* v. *Worcester Paper Box Co.* 246 Mass. 453. *Finer* v. *Steuer,* 255 Mass. 611. *Vonherberg* v. *Seattle,* 20 Fed. (2d)

247. *Vendetti* v. *United States*, 45 Fed. (2d) 543. *Stewart Bros.* v. *Ransom*, 204 Ala. 589. *Brenneman* v. *Dillon*, 296 Ill. 140. *Markendorf* v. *Friedman*, 280 Ky. 484. *Lobuzek* v. *American Car & Foundry Co.* 194 Mich. 533. *Kantor* v. *Perth Amboy*, 122 N. J. L. 588. *In re Eldridge*, 82 N. Y. 161. But the members of a public board are frequently laymen, unskilled in law, and the scope of the hearing is not confined to the limits usually established for the trial of similar issues in ordinary judicial proceedings, and rules governing the admissibility of evidence in courts cannot be expected to be rigidly enforced in hearings before such boards. *McCarthy* v. *Emerson*, 202 Mass. 352. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542. *Corrigan* v. *School Committee of New Bedford*, 250 Mass. 334. *Lowry* v. *Commissioner of Agriculture*, 302 Mass. 111. *Daley* v. *District Court of Western Hampden*, 304 Mass. 86. There is a conflict of authority on the proposition whether a board over objection and in the absence of statutory authority may accept affidavits as proof of the facts that they state. We think the better rule is that issues of fact affecting substantial rights ought not to be decided on affidavits, especially if that method of proof can be avoided. *National Labor Relations Board* v. *Rath Packing Co.* 123 Fed. (2d) 684. *Fairmont Creamery Co.* v. *Director General*, 89 I. C. C. 359. *Henry Cowell Lime & Cement Co.* v. *Industrial Accident Commission of California*, 211 Cal. 154. *Cherokee Times* v. *Cherokee Republican*, 156 Iowa, 282. *Yates* v. *Mulrooney*, 245 App. Div. (N. Y.) 146. *Robles* v. *Industrial Commission of Utah*, 77 Utah, 408. Compare *Brinkley* v. *Hassig*, 130 Kans. 874, appeal dismissed 282 U. S. 800; *Brinkley* v. *Hassig*, 83 Fed. (2d) 351; *Mathews* v. *Hedlund*, 82 Neb. 825. It has been held that a decision of a board that rested entirely upon hearsay evidence cannot be sustained; *Union Drawn Steel Co.* v. *National Labor Relations Board*, 109 Fed. (2d) 587, 592; *Martel Mills Corp.* v. *National Labor Relations Board*, 114 Fed. (2d) 624, 629; *Chicago & Alton Railroad* v. *Industrial Board of Illinois*, 274 Ill. 336; *Reck* v. *Whittlesberger*, 181 Mich. 463; *Carroll* v. *Knickerbocker Ice Co.* 218 N. Y. 435, but decisions based upon hearsay

evidence that is supported and corroborated by competent legal evidence have been sustained. *Chicago Packing Co.* v. *Industrial Board of Illinois,* 282 Ill. 497. *Altschuller* v. *Bressler,* 289 N. Y. 463. *Ogden Iron Works* v. *Industrial Commission,* 102 Utah, 492. The petitioner was entitled to have the charges dismissed unless they were substantiated by true and competent evidence, *Graves* v. *School Committee of Wellesley,* 299 Mass. 80, 86; *Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U. S. 197, 229; *National Labor Relations Board* v. *Columbian Enameling & Stamping Co.* 306 U. S. 292, 299, but he is not entitled to have the decision of the committee held invalid if apart from the affidavits there was evidence sufficient to substantiate the charges.

The trial of this petition in the Superior Court seems to have taken a broad scope. A transcript of the evidence introduced before the committee was admitted in evidence by the judge but it is not before us. St. 1943, c. 374. The judge found that the charges were substantially proved apart from the evidence contained in the affidavits. The burden is upon the petitioner to set out in the record enough to show not only that there was error but also that his rights were substantially impaired by the error. This he has not done. *Posell* v. *Herscovitz,* 237 Mass. 513, 517. *Curtin* v. *Benjamin,* 305 Mass. 489, 494. *Coe* v. *Coe,* 313 Mass. 232, 234.

We think that one has no just ground of complaint because an administrative board in conducting a hearing of charges against him has permitted the introduction of hearsay evidence when he has failed to show that the other evidence was not adequate to support the conclusion reached by the board. The burden was on him to prove that the decision resulted in a substantial injustice to him. That does not appear on this record. The result is in accord with the applicable principle for testing the correctness of decisions of administrative boards acting in a quasi-judicial capacity. The principle is illustrated by cases more or less analogous to the instant case. See *Farmington River Water Power Co.* v. *County Commissioners,* 112 Mass. 206, 213;

*Lowell* v. *County Commissioners of Middlesex*, 146 Mass. 403, 412; *Pigeon's Case*, 216 Mass. 51, 55; *Fandel* v. *Board of Zoning Adjustment of Boston*, 280 Mass. 195, 198; *Springfield Young Men's Christian Association* v. *Assessors of Springfield*, 284 Mass. 1, 9; *Revere* v. *Revere Construction Co.* 285 Mass. 243, 250; *Walsh* v. *District Court of Springfield*, 297 Mass. 472, 477.

The order that judgment be entered dismissing the petition must be affirmed.

*So ordered.*